UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHELLE WEBER,

                            Plaintiff,

                  -against-

THE RESOURCE TRAINING CENTER, INC.,
DONNA MAE DEPOLA, DONA PAGAN,
MICHAEL BUCKLEY and MARIA MENDEZ,

                            Defendants.
------------------------------------------------------------X

ORDER
CV-13-6480 (ENV) (SMG)

GOLD, S., U.S.M.J.:

       Plaintiff Michelle Weber brings this action pursuant to the Americans with Disabilities Act and state and local law claiming that defendants discriminated against her when they terminated her employment. Defendants have served a subpoena seeking testimony and documents from plaintiff's psychotherapist. Plaintiff has moved to quash the subpoena, Docket Entry 65 ("Pl. Mot."), and defendants have cross-moved to compel production of plaintiff's treatment records, Docket Entries 69-70. In addition, plaintiff complains that defendants have included confidential information in their Memorandum of Law and seeks to have that information redacted from the publicly filed version of the memorandum. Docket Entries 71, 77. For the following reasons, and subject to the condition that plaintiff file an affidavit containing the provisions indicated below, plaintiff's motion is granted and defendants' cross-motion is denied.

       Confidential communications between a licensed psychotherapist and a patient, made in the course of diagnosis or treatment, are privileged. *Jaffe v. Redmond*, 518 U.S. 1, 15 (1996). The question raised by the pending cross-motions is whether in this case the privilege has been waived.

The Second Circuit explored the circumstances under which a party may waive the psychotherapist-patient privilege in *In re Sims*, 534 F.3d 117 (2d Cir. 2008). The Court held in *Sims* that a party may not affirmatively rely upon privileged communications in support of her claims or defenses, or make a tactical decision to disclose a subset of confidential communications, yet shield the remainder of the underlying communications from scrutiny by her adversary. *Id.* at 132. On the other hand, partial disclosure does not result in forfeiture unless the disclosure is made for strategic advantage. *Id*. at 133-34 (citing *Koch v. Cox*, 489 F.3d 384, 391 (D.C. Cir. 2007)). Nor does a party forfeit a privilege by taking a position or making allegations that the privileged communications might contradict. *Id*. at 132 (citing *United States v. Salerno*, 505 U.S. 317, 323 (1992)).

Plaintiff asserts that she is seeking only "garden-variety emotional pain and suffering damages." Plaintiff's Letter Motion dated Nov. 26, 2014, Docket Entry 65 ("Pl. Mot.") at 1-2. A party does not put her mental state at issue and waive her psychotherapist-patient privilege by seeking incidental, garden-variety emotional damages. *See, e.g., Pelosi v. Spota*, 607 F. Supp. 2d 366, 376 n.11 (E.D.N.Y. 2009).

Defendants argue that plaintiff has waived her privilege by producing some, but not all, of her psychotherapy records in discovery. However, plaintiff represents that she produced these records to be complete and open in her discovery responses and has no intention of using the records – or presumably, the communications they reflect – affirmatively in this litigation. Pl. Mot. at 1 n.2.

Defendants assert as well that the records plaintiff claims are privileged include references to her employment by defendants and even refer to individual defendants by name. Docket Entry 70 at 5-7. This argument establishes only that the records are relevant; it does not

establish that plaintiff has put their contents at issue or otherwise waived her privilege. Indeed, as noted above, even communications that might contradict positions taken by a party do not as a result lose their privileged status.

Defendants also argue that plaintiff has asserted state and local law claims, and contend that courts have not "capped" emotional damages under state and local law as they have under federal law. Docket Entry 70 at 8. Even assuming defendants are correct that state and local law emotional damage awards may be higher than those sustained under federal law, it is of no moment for purposes of the pending motion. Waiver depends upon the affirmative, strategic use of privileged information, not upon a limit on the damages recoverable without relying upon communications that are privileged.

Defendants further point out that plaintiff testified at her deposition that, because of her experience working for defendants, she is fearful of obtaining a similar position with a different employer. Docket Entry 70 at 4. Provided, however, that plaintiff does not seek compensation for this aspect of her emotional damages, and further does not contend that her fear has impeded her efforts to mitigate her damages, this testimony does not amount to a tactical partial disclosure resulting in a forfeiture of the patient-psychotherapist privilege. Indeed, in the sole case on point cited by defendants, the Court permitted plaintiff to avoid a finding of waiver by "explicitly disavow[ing] any claim to non-garden-variety emotional injury and expressly agree[ing] not to offer any privileged information or other evidence regarding his psychiatric condition in support of his claim." *Jacobs v. Conn. Comm. Tech. Coll.*, 258 F.R.D. 192, 197 (D. Conn. 2009).

Based upon her statements in connection with the pending cross-motions and during prior proceedings, it appears plaintiff Weber is prepared to make just such an explicit disavowal here. To avoid any confusion on the point, however, plaintiff is directed to submit an affidavit

disavowing any claim to non-garden variety emotional injury, expressly agreeing not to offer any privileged information or other evidence regarding any psychiatric condition she may have at trial or in connection with dispositive motion practice, and expressly agreeing not to offer any evidence at trial or in connection with dispositive motion practice of her claimed fear of taking a position similar to the one she held while employed by defendants. This ruling is not intended to limit in any way the evidence defendants may offer at trial or in connection with dispositive motion practice.

Upon plaintiff's submission of an affidavit including the terms stated above, her motion to quash will be granted, defendants' cross-motion to compel will be denied, the Court will seal the Memorandum of Law filed by defendants to which plaintiff has objected, and defendants will file an amended memorandum from which the material identified by plaintiff in her letter dated December 11, 2014 (not filed on ECF) has been redacted.

SO ORDERED.

/s/
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
December 23, 2014

*U:\smg current docs\Weber 122214 final.docx*