```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHELLE WEBER,

                        Plaintiff,
                                                              ORDER
        -against-                                             13-CV-6480 (ENV)(SMG)

THE RESOURCE TRAINING CENTER, INC.,
DONNA MAE DEPOLA, DONA PAGAN,
MICHAEL BUCKLEY, and MARIA MENDEZ,

                        Defendants.
------------------------------------------------------------X
```
GOLD, S., U.S.M.J.:

Plaintiff Weber submitted a letter application to the Court dated April 2, 2015. Docket Entry 91. Plaintiff reported in her application that she served deposition subpoenas on three non-party witnesses employed by defendant Resource Training Center, but that each failed to appear for her scheduled deposition. By Order dated April 2, 2015, I authorized plaintiff to serve these witnesses with subpoenas "so ordered" by the Court and a cover letter indicating that failure to comply could result in sanctions.

Plaintiff has now submitted an application seeking leave to serve the "so ordered" subpoenas and cover letter by first class mail rather than by personal delivery. Docket Entry 93. Plaintiff bases her request on the assertion that courts have allowed service of subpoenas on non-party witnesses by means other than personal delivery. Docket Entry 93.

Federal Rule of Civil Procedure 45(b)(1) states that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Although the method of delivery required by the rule is not explicitly set forth, "scholars of civil procedure have stated that personal service is necessary under the law." *Ultradent Prods., Inc. v. Hayman*, 2002 WL

31119425, at *3 (S.D.N.Y. Sept. 24, 2002). However, "there is no Second Circuit case law interpreting the Rule 45 requirement of delivery as requiring personal service." *Tube City IMS, LLC v. Anza Capital Partners, LLC*, 2014 WL 6361746, at *2 (S.D.N.Y. Nov. 14, 2014) (quoting *JPMorgan Chase Bank, N.A. v. IDW Group, LLC*, 2009 WL 1313259, at *2 (S.D.N.Y. May 11, 2009)); *Ultradent Prods.*, 2002 WL 31119425, at *4.

As plaintiff suggests, there is case law from this circuit suggesting that service requirements may be relaxed and alternative methods of service may be employed in "appropriate circumstances" as long as the means employed provide "timely actual notice." *Tube City*, 2014 WL 6361746, at *2. The circumstances that led courts to approve alternate means of service in the cases cited by plaintiff, however, are readily distinguishable from those presented here. For example, in *Tube City*, which plaintiff cites in her request, the court allowed the subpoenas at issue to be served by certified mail—and by affixing a copy of the subpoenas to the witness's door and emailing a copy of them to his attorney—where the party had already attempted to serve the witness in person on six occasions. *Id.* *3. In *JPMorgan Chase*, the court permitted service of a subpoena by certified mail only after the party had attempted personal service nine times. 2009 WL 1313259, at *3. In *Ultradent Products*, the court held that service of a subpoena on a third party by certified mail was sufficient after two failed attempts at personal service and where there was no question that the third party had actually received the subpoena. 2002 WL 31119425, at *4. Finally, in *Cordius Trust v. Kummerfeld*, the court held that a non-party witness could be served by certified mail due to the plaintiff's "repeated attempts . . . to effectuate personal service, and the cost and delay that would result by requiring further attempts at such service." 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000).

Here, plaintiff has not produced any evidence that the non-party witnesses were properly served previously, that repeated attempts to make personal service were futile, or that there is any other reason to resort to alternative means of service at this juncture. Accordingly, plaintiff's request to serve the non-party witnesses by first-class mail is hereby DENIED.

The Court approves of the text of the cover letter plaintiff proposes to include with the subpoenas. The original subpoenas "so ordered" by the Court are available from my chambers at counsel's convenience.

_____/s/_____
**STEVEN M. GOLD**
**United States Magistrate Judge**

Brooklyn, New York
April 8, 2015

U:\MHS 2014-2015\Orders\Weber Subpoenas final2.docx