UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MICHELLE WEBER,

                              Plaintiff,

      -against-

THE RESOURCE TRAINING CENTER, INC.,
DONNA MAE DEPOLA, DONA PAGAN,
MICHAEL BUCKLEY, and MARIA MENDEZ,

                            Defendants.
------------------------------------------------------------X

ORDER

13-CV-6480 (ENV)(SMG)

GOLD, S., U.S.M.J.:

      Plaintiff Weber has moved by letter motion to compel certain discovery, Docket Entry 123, and defendants have submitted opposition, Docket Entry 124. Plaintiff's motion is granted for the reasons and to the extent indicated below.

      The first prong of Weber's motion concerns a ruling I previously made with respect to agendas and minutes of meetings of the Board of defendant Resource Training Center. During a conference held on May 19, 2015, defendants opposed plaintiff's demand for discovery of Board meeting agendas and minutes on the grounds that the documents sought did not contain any relevant information. More specifically, counsel for defendants advised the Court that "there is no reference to the plaintiff or to the issues concerning her job performance in any agenda or minutes of any Board of Director meeting held in 2011." Tr. of May 19, 2015, at 11. I then ruled that defendants might, in lieu of producing the documents sought by plaintiff, provide a stipulation or affidavit reiterating counsel's representation. Tr. of May 19, 2015, at 11. Instead, however, defendants submitted a self-serving affidavit that, among other things, refers to plaintiff's "poor job performance and poor work habits" and sets forth defendants' contentions about the reasons for plaintiff's termination. Docket Entry 123 at ¶¶ 2, 4. This one-sided

language strays far from the neutral stipulation or affidavit that was discussed during the May 19, 2015 conference. The language proposed by plaintiff in her letter motion in three numbered paragraphs at the top of page 2, in contrast, is neutral and appears to be consistent with the representation made by counsel for defendants during that conference. Accordingly, defendants shall prepare and execute a stipulation containing the language set forth in plaintiff's letter (and no additional qualifying or other substantive language) or produce the Board minutes and agendas originally sought by plaintiff, and shall do so by October 1, 2015.

The second prong of Weber's motion concerns my ruling, made during the same May19 conference, that plaintiff could serve certain limited written deposition questions upon defendant Depola. Rather than answer the written questions, though, Ms. Depola has submitted an unresponsive affidavit. Simply put, the written questions, posed pursuant to Fed. R. Civ. P. 30(b)(6), inquire about the kinds of records kept by defendant Resource Training Center and the data the records contain, Docket Entry 123 at 2-3, whereas Ms. Depola's affidavit is primarily addressed to her own failure of recollection and does not explicitly answer plaintiff's questions about defendant's record-keeping. Accordingly, plaintiff will be permitted to ask Ms. Depola, or another person produced by defendant Resource Training Center and appropriately prepared to testify pursuant to Rule 30(b)(6), in person, under oath, the questions previously posed in writing. In light of the significant difficulties counsel have had communicating productively and professionally and making progress with discovery without court supervision, the witness will answer the questions in my courtroom. The testimony will be preserved on the Court's recording equipment. Defendants will bear the cost of obtaining the transcript and filing a copy of that transcript on the Court's docket. Counsel and the designated witness will appear in Courtroom 13D at 3:00 pm on October 2, 2015 for purposes of taking this testimony.

Finally, plaintiff's motion seeks an award of counsel fees. This aspect of plaintiff's motion is denied. An award of fees under the circumstances of this case, where plaintiff and defendants have, by their conduct, contributed to the extensive pre-trail motion practice that has impeded the efficient and speedy progress of this litigation, and where defendants will bear the cost of providing a transcript of the Rule 30(b)(6) testimony as described above, would be unjust.

        **SO ORDERED.**

        /s/
        **STEVEN M. GOLD**
        **United States Magistrate Judge**

Brooklyn, New York
September 21, 2015

U:\MHS 2014-2015\Orders\Weber Order 092116.docx